IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:14-CR-105 ALM |
| | § | |
| MALCOLM EUGENE FLOURNOY (2) | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on February 21, 2019, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Marisa Miller.

On May 4, 2016, Defendant was sentenced by the Honorable Amos L. Mazzant, III, United States District Judge, to a sentence of twenty-eight (28) months imprisonment followed by a three (3) year term of supervised release for the offense of Conspiracy to Possess or Sell Stolen Firearms. The sentence was adjusted by thirty-two (32) months as time already served pursuant to Section 5G1.3(b), for an undischarged time of imprisonment that will not be credited by the Bureau of Prisons. Defendant began his term of supervision on June 29, 2018.

On February 1, 2019, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 238). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not unlawfully possess a controlled substance; (2) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled

substances, except as prescribed by a physician; (3) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; (4) Defendant shall notify the probation officer at least ten days prior to any change in residence or employment; and (5) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of U.S. Probation office, until such time as Defendant is released from the program by the probation officer.

The Petition alleges that Defendant committed the following violations: (1) Defendant submitted a urine specimen on October 1, 2018, which tested positive for marijuana and methamphetamine. The specimen was confirmed positive by Alere Laboratories; (2) On October 15, 2018, Defendant submitted a urine specimen which tested positive for marijuana. The specimen was confirmed positive by Alere Laboratories and an Alere Laboratories Toxicology Interpretation report verified this to be new drug use; (3) Defendant submitted a urine specimen on November 16, 2018, which tested positive for marijuana. On the same day, Defendant verbally admitted to the officer and Supervising U.S. Probation Officer Jesus Perez that Defendant used the illegal drugs two days prior. The specimen was confirmed positive by Alere Laboratories and an Alere Laboratories Toxicology Interpretation report verified this to be new drug use. Defendant submitted two urine specimens on January 15, and 23, 2019, which tested positive for methamphetamine. The specimens were confirmed positive by Alere Laboratories. On January 31, 2019, Defendant submitted a urine specimen which returned a presumptive positive for methamphetamine. The Alere Laboratories confirmation test is pending; (4) On December 10, 2018, Defendant was instructed by U.S. Probation Officer Darryl Frederick that he was not allowed to move to Terrell, Texas, and to contact his probation officer on December 19, 2018, to further discuss the matter. Defendant failed

to call his probation officer on December 19, 2018, and on January 7, 2019, Defendant reported he moved to Terrell, Texas, anyway without permission of the probation officer; (5) On December 2, 2018, U.S, Probation Officer Grant Baker and Defendant's probation officer conducted an unannounced home visit at Defendant's reported residence in Frisco, Texas. Defendant's probation officer was advised by the defendant's father Defendant no longer lived at the residence. On January 5, 2019, Defendant reported on his monthly supervision report he changed jobs on December 1, 2018. Defendant failed to notify the probation officer in a timely manner of change of employment; and (6) Defendant failed to attend drug treatment at Fletcher Counseling, Plano, Texas, as scheduled on September 23, 2018, and November 13, 2018. Defendant failed to submit to drug testing as directed on September 25, October 30, November 6, November 13, December 26, 2018, and January 28, 2019.

At the hearing, Defendant entered a plea of true to allegations 1-5. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the February 21, 2019, hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months, with twelve (12) months supervised release to follow, with up to 120 days of supervised release to be served in a residential reentry facility. Defendant must have approval from the U.S. Probation officer for any residence Defendant may reside at after leaving the residential reentry facility. Supervised release terms to be modified to require Defendant to take any mental health medications prescribed

by a treating physician.  The Court further recommends that Defendant's term of imprisonment be carried out in FCI Fort Worth, if appropriate.

**SIGNED this 18th day of March, 2019.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE