**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:14-CR-105- |
| | § | ALM-KPJ |
| MALCOM EUGENE FLOURNOY (2) | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant Malcom Eugene Flournoy's ("Defendant") supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on October 15, 2021, to determine whether Defendant violated his supervised release. Defendant was represented by Mike Pannitto of the Federal Public Defender's Office. The Government was represented by Assistant United States Attorney Camelia Lopez.

Defendant was sentenced on May 4, 2016, before The Honorable Amos L. Mazzant, III of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Possess or Sell Stolen Firearms, a Class D felony. This offense carried a statutory maximum imprisonment term of 5 years. The guideline imprisonment range, based on a total offense level of 19 and a criminal history category of V, was 57 to 60 months. Defendant was subsequently sentenced to 28 months imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug treatment and testing, mental health treatment, and a $100 special assessment. The sentence was adjusted by 32 months as time already served pursuant to Section 5G1.3(b), for an undischarged time of imprisonment that will not be credited by the Bureau of Prisons. On June 29, 2018, Defendant completed his period of imprisonment and began service of the supervision term. A motion to revoke

REPORT AND RECOMMENDATION – Page 1

Defendant's supervised release was filed in the Eastern District of Texas with allegations that included possession of methamphetamine, using marijuana and methamphetamine, failing to follow the instructions of the probation officer, failing to notify the probation officer of change of residence and employment in a required timely manner, failing to attend drug treatment, and failing to submit to drug testing as directed. On February 21, 2019, Defendant appeared in Court before U.S. Magistrate Judge Kimberly C. Priest-Johnson and had his supervised release revoked. He was subsequently sentenced to 18 months imprisonment followed by a 12-month term of supervised release. On July 7, 2020, he was released from imprisonment and began the current term of supervised release.

On January 22, 2021, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 292, Sealed]. Subsequently, on October 12, 2021, the United States Probation Officer executed a First Amended Petition for Warrant or Summons for Offender Under Supervision [Dkt. 306, Sealed]. The First Amended Petition asserts that Defendant violated seven (7) conditions of supervision, as follows: (1) You must not commit another federal, state or local crime; (2) You must not unlawfully possess a controlled substance; (3) You must refrain from any unlawful use of a controlled substance; (4) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed; (5) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so; (6) You must follow the instructions of the probation officer related to the conditions of supervision; and (7) This revocation judgment incorporates all the terms and

conditions regarding payment of criminal monetary penalties established by the original judgment, as if set forth in full herein [Dkt. 306 at 1-3, Sealed].

The First Amended Petition alleges that Defendant committed the following acts: (1) On March 2, 2021, Defendant committed the offense of Aggravated Assault with a Deadly Weapon (2nd Degree Felony) in Dallas County, Texas under Cause No. F-2175354. He pled guilty to this offense and was sentenced to 10 years probation; (2) (3) On July 9, 2020 and October 19, 2020, Defendant reported to the U.S. Probation Office and submitted urine specimens that tested positive for marijuana. Both specimens were confirmed positive by Alere Toxicology Services. On September 9, 2020, Defendant reported to the U.S. Probation Office and admitted in writing to using marijuana on August 27, 2020. On December 28, 2020, Defendant reported to the U.S. Probation Office and submitted a urine specimen that tested positive for cocaine and marijuana. The specimen was confirmed positive by Alere Toxicology Services; (4) On July 9, 2020, Defendant was provided with instructions to report online and submit his monthly supervision report during the first 5 days of each month. He failed to submit reports for the months of August, September, October, November, and December 2020; and January 2021, as instructed. On October 2, 2020, Defendant was provided with instructions to report to the U.S. Probation Office on October 5, 2020. He failed to report as instructed; (5) Defendant failed to secure employment for the months of August, September, October, November, and December 2020; and January 2021; (6) On November 17, 2020, Defendant was instructed to get in contact with his case manager at Life Path in order to obtain his mental health medications. He failed to contact Life Path or obtain his required mental health medications as instructed; and (7) Defendant had a remaining special assessment balance of $50. On October 19, 2020, he was instructed to pay $25 per month

beginning on November 15, 2020, and on the 15th of each month thereafter until the obligation is paid in full. He failed to pay as instructed, and the balance remains $50 [Dkt. 306 at 1-3, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegations 2 and 3 of the First Amended Petition. The Government dismissed allegation 1, and allegations 4 through 7 of the First Amended Petition. Having considered the First Amended Petition and the plea of true to allegations 2 and 3, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkts. 314, 315].

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of eighteen (18) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in Seagoville, Texas, if appropriate.

**SIGNED this 25th day of October, 2021.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE